Peter P. McNamara, Esq.

**RIVKIN RADLER LLP**
*Attorneys for Defendant*
Oxford Health Plans (NY), Inc.
926 Reckson Plaza
Uniondale, New York 11556-0926
(516) 357-3000

**06 CV 6359**
**Judge McMahon**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL S. TRENT,

            Plaintiff,

-against-

OXFORD HEALTH PLANS (NY), INC.,

            Defendant.
------------------------------------------------------------------X

Civ. Act. No.

**NOTICE OF REMOVAL**

*FILED 2006 AUG 22 AM 8:37 U.S. DISTRICT COURT S.D. OF N.Y.*

The Defendant/Petitioner herein, Oxford Health Plans (NY), Inc. ("Oxford"), by its attorneys, RIVKIN RADLER LLP, respectfully shows as follows:

1. Plaintiff Michael S. Trent ("Plaintiff") commenced an action against Oxford in the Supreme Court of the State of New York, County of Rockland, alleging that he is entitled to reimbursement from Oxford for certain services and items Plaintiff allegedly received between March 28, 2005 through June 3, 2005 (the "Services"). Plaintiff personally served Oxford at its parent company's office in Trumbull, Connecticut on July 24, 2006. A true and correct copy of Plaintiff's Summons and Complaint (hereinafter the "Complaint") in that action is annexed hereto as Exhibit "A".

2. Plaintiff alleges that he is entitled to recover benefits from his health insurance plan issued by Oxford under which he was enrolled at the time the Services were rendered,

which he alleges was the Freedom Plan (the "Group Plan") offered by his employer, Rockland Thoracic Associates, pursuant to his employment agreement.

3. This is a civil action in which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that the validity of Plaintiff's claim for payment of health insurance benefits is dependent upon a claim of right under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA"). Thus, all of Plaintiff's claims either "relate to" or are otherwise pre-empted by ERISA. See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 61 (1987); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985).

4. For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1446(a).

6. This Notice of Removal is being filed within the time period required by law. 28 U.S.C. § 1446 (b). Written notice of removal will be given the adverse party as required by law, and a true and correct copy of this Notice of Removal will promptly be filed with the Clerk of Court of the County of Rockland, as provided by law.

WHEREFORE, Oxford as Petitioner for removal, requests that the above-named action now pending against it in the Supreme Court of the State of New York, County of Rockland, be removed from the United States District Court for the Southern District of New York.

Dated: Uniondale, New York
August 22, 2006

Respectfully submitted,

*[signature]*

Peter P. McNamara (PM-2075)
RIVKIN RADLER LLP
Attorneys for Defendant/Petitioner
OXFORD HEALTH PLANS (NY), INC.
926 Reckson Plaza
Uniondale, New York 11556-0926
516-357-3000
RR File No.: 009456-00201

TO: Arthur L. Porter, Jr., Esq.
Fischer, Porter & Thomas PC
Attorneys for Plaintiff
250 West 57th Street, Suite 1619
New York, New York 10107-1606
(212) 545-1921

# EXHIBIT A

Doc ID:           Type: COU
Recorded: 06/28/2006
Fee Amt: $210.00 Page 1 of
Rockland, NY
Paul Piperato County Clerk

**SU-2006-004864**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

MICHAEL S. TRENT,

                     Plaintiff,

- against -

OXFORD HEALTH PLANS (NY), INC.,

                     Defendant.

---

Index No.

**SUMMONS**

Plaintiff designates Rockland County as the place of trial.

The basis of venue is the Plaintiff's place of residence.

Defendant's primary place of business is 1133 Avenue of the Americas, New York, New York

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and, in case you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 27, 2006
        New York, New York

**FILED SL**

JUN 28 2006

ROCKLAND COUNTY
CLERK'S OFFICE

TO: Oxford Health Plans (NY), Inc.
    1133 Avenue of the Americas
    New York, New York 10036-6710

FISCHER PORTER & THOMAS, P.C.
Attorneys for Plaintiff

By: _____
    Arthur L. Porter, Jr.
250 West 57th Street, Suite 1619
New York, New York 10107-1606
Telephone: (212) 545 – 1921

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

MICHAEL S. TRENT,

                Plaintiff,

- against -

OXFORD HEALTH PLANS (NY), INC.,

                Defendant.

Index No.     / 2006

COMPLAINT
FILED

JUN 28 2006

ROCKLAND COUNTY
CLERK'S OFFICE

      MICHAEL S. TRENT, by and through his attorneys Fischer Porter and Thomas, P.C. as and for his Complaint against Defendant Oxford Health Plans, N.Y. Inc. alleges as follows:

    1.     Plaintiff Michael S. Trent ("Trent") is a natural person who resides at 11 Pepper Ridge Drive, New City, New York.

    2.     Defendant Oxford Health Plans (NY), Inc. ("Defendant") is, upon information and belief, a domestic corporation with its principal offices located at 1133 Avenue of the Americas, New York, New York.

    3.     Trent was licensed as a medical doctor who, through July 6, 2004, was employed by Rockland Thoracic Associates as a thoracic surgeon.

    4.     Under the terms of his employment agreement, Trent was enrolled in Defendant's Freedom Plan for health care. Specifically, Trent was covered by Defendant's "Small Group Very High Option NY."

    5.     When Trent terminated his employment with Rockland Thoracic Associates, he continued his health plan coverage with the Defendant under the COBRA option.

6. Trent is now a recovering alcoholic. He had been arrested for driving while under the influence of alcohol, and detained for allegations of domestic violence.

7. Previous treatment for alcoholism, both outpatient and inpatient, had failed to enable Trent to cope with his disease and he continued to suffer from the disease such that he became dysfunctional.

8. On or about March 21, 2005, Trent was admitted to Marworth Treatment Center, a world renowned residential rehabilitation program, for severe alcohol dependence. At the time of his admission, Marworth determined that he needed many weeks of costly inpatient treatment, followed by intensive outpatient therapy, coupled with extensive and protracted monitoring. The Treatment Center stated that outpatient treatment would not be successful and could result in harm to Trent or others. Moreover, the New York State Committee For Physician Health, a state sponsored program, mandated Trent's enrollment at Marworth.

9. Defendant initially approved Trent's enrollment in Marworth's inpatient program.

10. On or about March 28, 2005, Defendant withdrew its approval for Trent's inpatient treatment, effective March 28. Defendant stated that further inpatient treatment was not medically necessary notwithstanding the severity of Trent's condition as determined by Committee For Physician Health and medical professional experts in treatment of addictions.

11. On or about March 30, 2005, Defendant completed its internal review of Trent's request for it to reconsider their denial of benefits. Defendant upheld its prior decision to withhold payment under Trent's health care plan because the "medical criteria was not met for continued inpatient substance abuse treatment."

2

12. On or about April 15, 2005, Trent, at the request of the New York State Office Of Professional Medical Conduct, voluntarily, temporarily surrendered his license to practice medicine and was placed on an Inactive status under the governing laws and regulations.

13. Following receipt of Defendant's denial of benefits, Trent sought an expedited external review of Defendant's denial of benefits.

14. On June 1, 2005, the independent reviewer affirmed Defendant's denial of benefits, citing a lack of medical necessity, even though Trent was required to complete the program by the New York State Committee For Physician Health and the Office Of Professional Medical Conduct.

15. Notwithstanding Defendant's denial of benefits, Trent successfully completed Marworth's inpatient treatment program in or around June 2005.

16. At this time, after a year of participating in rigorous outpatient counseling and therapy, Trent is seeking reinstatement of his medical license.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges the allegations contained in paragraphs one through sixteen (¶¶ 1 - 16) as if set forth at length herein and further alleges as follows:

18. At all times relevant hereto, Defendant had contracted with Trent to provide him with health care insurance.

19. Among the terms of that contract, Defendant had agreed to provide Inpatient Alcoholism and Substance Abuse Rehabilitation for a period not to exceed 60 calendar days, in network at no charge to Trent and without requiring pre certification.

3

20.    By withdrawing its approval of Trent's participation in Marworth's inpatient treatment program, Defendant unilaterally breached its obligations under the contract.

21.    As a direct result of Defendant's breach of the contract, Trent was damaged by being required to remit direct payment to Marworth in an amount to be established at trial, but believed to be in excess of Sixteen Thousand Five Hundred ($ 16,500.00) Dollars.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

22.    Plaintiff repeats and realleges the allegations contained in paragraphs one through twenty-one (¶¶ 1 - 21) as if set forth at length herein and further alleges as follows:

23.    At all times relevant hereto, Defendant occupied a position of confidentiality and trust with Trent as the provider of his health care.

24.    On or about March 21, 2005, Defendant represented that Trent could participate in Marworth's inpatient substance abuse program.

25.    Relying on Defendant's representation, Trent was admitted into Marworth's inpatient substance abuse treatment program.

26.    On March 28, 2005, Defendant stated that its previous approval was limited to an initial treatment period and that future inpatient treatment would not be covered.

27.    Defendant's failure to specify that its approval of March 21 was limited in nature was negligent.

28.    As a result of his reliance on Defendant's March 21 representations Trent had enrolled in Marworth's inpatient treatment program, agreeing to complete the program.

4

29.     As a result of Defendant's misrepresentation concerning the extent of its coverage, Trent incurred costs associated with the entire program of treatment.

30.     Trent has been damaged in an amount to be established at trial, but believed to be in excess of Sixteen Thousand Five Hundred ($16,500.00) Dollars.

WHEREFORE, Plaintiff Michael S. Trent demands judgment against defendant Oxford Health Plans (NY), Inc. as follows:

a.  On his First Cause of Action, for an amount to be established at trial, but believed to be in excess of Sixteen Thousand Five Hundred ($16,500.00) Dollars., together with interest;

b.  On his Second Cause of Action, for an amount to be established at trial, but believed to be in excess of Sixteen Thousand Five Hundred ($16,500.00) Dollars., together with interest;

together with counsel fees and such other and further relief as this Court deems just and proper.

Dated:   June 27, 2006

FISCHER PORTER & THOMAS, P.C.
Attorneys for the Plaintiff

By: _____
    Arthur L. Porter, Jr.
250 West 57th Street, Suite 1619
New York, New York 10107-1606
Telephone:   (212) 545 – 1921

5